MORALES, PETITIONER AND APPELLEE, v. OLIVARI, MUNICIPAL
  JUDGE, RESPONDENT (RODRÍGUEZ ET AL., INTERVENORS AND
  APPELLANTS).

APPEAL from the District Court of Ponce in Certiorari
Proceedings.

No. 1315.—Decided July 29, 1916.

COMPROMISE OF SUIT—ATTORNEYS—JUDICIAL MATTERS.—Section 9 of the Act of
  March 8, 1906, regulating the practice of the profession of law in Porto Rico
  and repealing former statutes governing the same, refers only to the rights
  of an attorney in relation to proceedings followed in a court of law; and
  this right does not authorize the attorney to bind his client by compromise
  or settlement, or in any other way, in connection with matters independent
  of such proceedings and which affect the subject-matter of the suit rather
  than the remedy.
ID. — ID. — CONVEYANCE OF REAL PROPERTY — ACT OF OWNERSHIP — EXPRESS
  POWER.—When an attorney, in representation of his client, compromises a
  suit involving the obligation to execute a formal deed of conveyance of
  realty upon payment of a certain sum of money, which is an act of strict
  ownership, he must have express authority therefor, as prescribed by section
  1615 of the Civil Code. An attorney, like any other agent, is governed by
  the provisions of the said section.
ID.—MOTION—ADVERSE PARTY.—In hearing and ruling on a motion, whether in
  a district or a municipal court, the requirements prescribed by section 317
  of the Code of Civil Procedure must be complied with; and when a court,
  upon motion of only one of the parties, sets aside an order approving a
  settlement, it violates the provisions of the said section.

The facts are stated in the opinion.
Messrs. José and Manuel Tous Soto for the appellants.
Mr. Gustavo Rodríguez for the appellee.
MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of
the court.

This is an appeal by the Succession of Prudencio Matos,
represented by his widow and children, from a judgment
of the District Court of Ponce of February 25, 1915, sustain-
ing a petition filed by José Morales García for a writ of cer-
tiorari directed to Tomás Olivari Santoni, municipal judge
of Yauco, in Civil Action No. 12, brought by Morales Gar-
cía against Prudencio Matos for the recovery of a debt, and
consequently setting aside all the proceedings in the said
action since the order of July 14, 1914, which vacated a pre-

vious order of the said municipal court of March 12, 1914, approving a compromise made by the parties.

The petition for the writ of certiorari resulted from the following proceedings:

1. On November 22, 1904, Francisco López Acosta, as attorney in fact of José Ramón Morales, filed suit against Prudencio Matos in the Municipal Court of Yauco for the recovery of $235.82, and judgment by default was entered against the defendant on February 2, 1905.

2. In execution of the judgment a writ was issued to the marshal of the said municipal court and he sold to plaintiff José Ramón Morales García, the only bidder at the public auction, a rural property of eight *cuerdas,* more or less, belonging to the defendant, situated in the ward Rubias of the municipal district of Yauco, for the sum of $240.92.

3. Some years later, or on March 4, 1914, Juana Rodríguez, widow of Prudencio Matos, and their children Juan Rosario, Francisco, Andrés, Monserrate and Bernarda Matos y Rodríguez, as the sole and universal heirs of Prudencio Matos, by their attorney, José Tous Soto, moved to set aside the judgment, the writ of execution, the sale of the property, the possession thereof by José Ramón Morales García and that it be restored to the movers, alleging material defects in the prosecution of the action.

4. A hearing on the foregoing motion having been set for March 12, José Tous Soto and Rafael Palacios, attorneys for the Succession of Prudencio Matos, and Gustavo Rodríguez, attorney for José R. Morales, submitted to the municipal court for approval a stipulation for a compromise by which Morales García would pay to the Succession of Prudencio Matos the sum of $300, which, added to the amount claimed in the complaint, represented the total value of the property, the said succession agreeing to convey to Morales García by public instrument all its rights in the said property and to withdraw all legal proceedings against Morales

García for the recovery of the property conveyed to him. The said compromise was approved on the same day.

5. On July 2, 1914, the Succession of Prudencio Matos, represented by Attorney José Tous Soto, moved the court to set a day for a hearing on the motion of March 4, 1914, renewing the motion in all its parts and alleging that Rafael Palacios Rodríguez, attorney for the said succession, had effected a compromise with the attorney for Ramón Morales García, which the said succession had refused to accept.

6. In view of the said motion, the municipal court entered an order on July 14, 1914, vacating the order of March 12, 1914, approving the compromise and set July 24 following for a hearing on the motion for the annulment of the proceedings.

7. The hearing on the motion was adjourned and finally held on December 9, 1914, on which day the court set aside the judgment rendered in the action, the writ of execution, the sale and possession of the property and ordered that the same be restored to the Succession of Prudencio Matos.

As grounds for the issuance of the writ of certiorari the petitioner alleged lack of jurisdiction on the part of the municipal court to annul a compromise whereby the Succession of Matos had withdrawn all claims to the property sold to Morales García, and irregularities in the proceedings of the said lower court in setting aside its order of March 12, 1914, approving the compromise on the motion of the Succession of Matos without having given the petitioner any notice of the said motion or an opportunity to oppose the same, as required by sections 317 and 318 of the Code of Civil Procedure.

The District Court of Ponce bases its judgment on the ground that the order of the Municipal Court of Yauco of March 12, 1914, approving the compromise made by the parties was in accordance with law, because the said compromise was effected by the attorneys of record of the parties to the action and that the parties were bound thereby

in accordance with the Act of March 8, 1906, regulating the practice of law in Porto Rico.

We do not agree with the grounds on which the decision appealed from is based.

Section 9 of the Act of March 8, 1906, regulating the practice of the profession of law in Porto Rico and repealing former statutes on the subject, reads as follows:

"Attorneys shall, as long as they shall not have been notified by their clients of the revocation of their appointment, have the right to compel the client to comply with such judicial measures as the attorney may have taken on behalf of said client and appearing of record in the minutes of the court before which the same are taken, but not otherwise."

We are of the opinion that the said section has reference only to the authority of an attorney in relation to proceedings prosecuted in a court and that the scope of that authority cannot permit an attorney to bind his client by a settlement or compromise, or otherwise, in connection with matters which are independent of such proceedings and which affect the subject-matter of the action rather than the remedy.

The compromise under consideration involves the obligation to execute a formal deed of conveyance of real property upon payment of a sum of money, which imports an act of strict ownership requiring, according to section 1615 of the Civil Code, an express power of attorney. Like any other agent, an attorney is subject to the provisions of the said section.

For further enlightenment on this point see 6 C. J. p. 643, sec. 147; p. 657, sec. 169; p. 659, sec. 175; 2 R. C. L. 976, sec. 54; p. 986, sec. 63; p. 989, sec. 68; p. 995, sec. 75.

But the decision appealed from may be sustained on another ground—the same one relied on by Ramón Morales García in his petition for the writ of certiorari—that is, that the Municipal Court of Yauco violated section 317 of the Code of Civil Procedure in setting aside the order of March 12, 1914, without giving Morales García an opportunity to

be heard.  The said section prescribes what formalities shall be observed in disposing of all motions, and such formalities have not been complied with in this case, for the Municipal Court of Yauco set aside the order of March 12, 1914, on motion of the Succession of Matos without notifying or hearing the adverse party.

The said formalities should be complied with both by district and municipal courts.

For the reasons stated, the decision appealed from is affirmed and the Municipal Court of Yauco should proceed in accordance with the principles laid down in this opinion.

*Affirmed.*

Justices del Toro, Aldrey and Hutchison concurred.
Mr. Justice Wolf took no part in the decision of this case.